## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE E. GERMANN and          :
KAREN GERMANN,                 :          1:15-cv-1037
                               :
         Plaintiffs,           :          Hon. John E. Jones III
                               :
   v.                          :
                               :
WATTS REGULATOR CO.,           :
LOWES' HOME CENTERS, LLC and   :
DOMESTIC PLUMBING &            :
HEATING, INC.,                 :
                               :
         Defendants.           :

## MEMORANDUM & ORDER

### December 17, 2015

Pending before the Court is Defendant Watts Regulator Company's

("Watts") Motion to Stay the proceedings.  (Doc. 23).  Watts seeks to stay all

proceedings in the instant matter until class certification is decided in a class

action pending in federal court in Nebraska.  The Motion has been fully briefed,

and is thus ripe for review.  (Docs. 24, 25, 26).  For the reasons articulated herein,

the Court will deny the Motion to Stay.

## I.     BACKGROUND

Plaintiffs George and Karen Germann reside at 910 Mt. Carmel Road in

Orrtanna, Pennsylvania.  (Doc. 1, ¶ 1).  On October 4, 2012, Defendant Domestic

Plumbing & Heating, Inc. ("Domestic"), of Frederick, Maryland, installed a new dishwasher into the Germann residence. (*Id*. ¶ 7). The Germanns had previously purchased the dishwasher from a store owned and operated by Defendant Lowe's Companies, Inc. ("Lowes"). (*Id*. ¶ 7). As a part of this installation, Domestic also installed a stainless steel braided water supply line designed, manufactured, and sold by Watts. (*Id*. ¶ 8). On June 3, 2013, this water supply line failed, discharging water into the Germanns' residence and causing damage to their real and personal property. (*Id*. ¶ 9). The Germanns aver that the supply line failed due to a circumferential fracture at the unput end of the automatic shut off valve, resulting from degraded product material commonly caused by stress corrosion, cracking, and/or dezincification. (*Id*. ¶ 10). The Germanns now bring two Counts of product liability, two Counts alleging breach of expressed and implied warranties of merchantability, and two Counts of negligence against Defendants Watts and Lowes, respectively. They also bring one Count of negligence against Defendant Domestic. They request judgment in their favor against each Defendant in the sum of $80,666.67 plus costs, interest, and any other damages to which this Court deems the Germanns are entitled.

On February 19, 2015, three individuals filed a putative class action lawsuit against Watts in the United States District Court for the District of Nebraska.

(Doc. 24, Exhibit A).  *Klug v. Watts Regulator Co.* arises out of damage to the plaintiffs' property, allegedly caused by the fracture and failure of water supply connectors known as FloodSafe® Auto-Shutoff Connectors, manufactured by Watts.  (Doc. 24, Exhibit B, p. 1).  The connectors are used to supply water to common household fixtures and appliances – including dishwashers.  (Doc. 24, p. 2).  The plaintiffs in *Klug* assert strict liability claims against Watts, due to an alleged manufacturing and design defect and failure to warn, as well as negligence and negligent failure to warn claims.  (Doc. 24, Ex. B, pp. 32-34).  They also assert breaches of express warranty and implied warranty of merchantibility (*id*., pp. 35-37) and unjust enrichment (*id*., pp. 38-39) as well as violations of the Nebraska Consumer Protection Act (*id*., pp. 39-40) and other Counts.  The plaintiffs also seek to certify a class on behalf of "all individuals and entities that own or have owned Watts FloodSafe Connectors, or who own or have owned homes or other structures . . . in which Watts FloodSafe Connectors are or were installed." (*Id*. p. 26).

On May 28, 2015, the Germanns filed this action in this Court.  (Doc. 1). The *Klug* suit was not addressed in their pleading.  The Defendants responded with a litany of Answers and Crossclaims.  (Docs. 14, 15, 16, 17).  On September 30, 2015, this Court issued a scheduling order requiring all discovery to be

completed by June 30, 2016.  (Doc. 21).  On October 6, 2015, the Germanns served Defendants Watts and Domestic with their First Set of Interrogatories and First Request for Production of Documents.  (Doc. 25, p. 3).  On November 17, 2015, Watts filed the current Motion to Stay, pending class certification of actions in which Plaintiffs are members of a putative class.  (Doc. 23).  As noted above, the Motion has been fully briefed, and is thus ripe for our review.  (Docs. 24, 25, 26).  For the reasons articulated herein, the Court will deny the Defendant's Motion to Stay.

## II.    DISCUSSION

A United States district court has "broad power to stay proceedings." *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. America*, 544 F.2d 1207, 1215 (3d Cir. 1976).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936).  To exercise that discretion within the bounds of the law, a district court must "weigh competing interests and maintain an even balance." *Id*.  In doing so, courts must consider four factors: (1) the length of the requested stay; (2) the hardship the movant would face if the stay was not granted; (3) the injury that a stay would inflict on the non-movant; and (4)

whether granting a stay would streamline the proceedings by simplifying issues and promoting judicial economy. *See Structural Group, Inc. v. Liberty Mutual Ins. Co.*, Civ. A. No. 1:07-cv-01793, 2008 WL 4616843 at \*13 (M.D.Pa. October 16, 2008) (citing *Landis*, 299 U.S. at 254-55).

### A.     Length of Requested Stay

Defendant Watts requests that all proceedings in the instant case should be stayed until class certification is decided in *Klug*. (Doc. 24, p. 1). In the alternative, Watts argues that discovery in this case should be stayed until sixty days after the close of discovery in the *Klug* case, or for a minimum of six months, until April 17, 2016, at which point the Court could conduct a status conference to determine whether a further stay is warranted in light of the proceedings in *Klug*. (*Id*. p. 1-2). Watts argues that a lengthy stay is warranted because the discovery in *Klug* is both costly and time-consuming, and would duplicate any discovery conducted here.

We understand Watts' predicament. As the discovery they are likely engaged in pursuant to *Klug* deals with not just dishwasher lines, but all FloodSafe water supply lines, the process involved must be lengthy indeed. However, the discovery that the Germanns request is more narrow, involves only one specific supply line, and is scheduled to last only eight months. Imposing a delay on the

5

instant litigation so that Watts can engage in a larger and more costly discovery process is neither fair to the Germanns, nor does it provide us with a concrete time line for the Germanns' case.  As arduous a process as that which Watts describes could stretch on for far longer than the Germanns' discovery was scheduled to take.  Indeed, the discovery process in *Klug* did not even begin until the beginning of September, despite the fact that the complaint was filed several months before that of the Germanns'.  Delaying the instant proceedings to accommodate discovery which will likely overlap with that with the Germanns request is to request a length of time that is both indefinite, and, to our eyes, excessive.

Further, as the Germanns note, the plaintiffs in *Klug* have not even motioned for class certification at this stage in their proceedings.  Presuming they do, their argument for class certification will likely meet with opposition and thus incur additional delay.  To grant a stay of a duration that lasts through the determination of class certification is thus also impermissibly indefinite.  *See Cheney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 738 (3d Cir. 1983) ("We emphasize that *Landis* approved stays of moderate length, and not those of indefinite duration. . . .").  Though this Court previously granted an indefinite motion to stay in *Vasvari v. Rite Aid Corp.*, No. 09-cv-2069, 2010 WL 3328210 (M.D.Pa. Aug. 23, 2010), we emphasized in our rationale that "a stay of an

6

indefinite duration . . . would typically compel denial of the Motion." *Id* at *2. The facts of *Vasvari* called for an unusual conclusion only because of our strong interest in the outcome of a pending Third Circuit case[1] and the fact that the timing of the oral argument suggested a decision would be rendered in a period of several months. Neither of those factors are in balance in the present case, and thus the proposed length of the stay counsels against granting Watts' Motion.

### B.     Hardship to Movant and Injury to Non-Movant

We will consider both of these factors together as each relates to the respective hardships to the parties. Watts maintains that it is in the process of collecting discovery materials as part of its compliance with its electronic discovery obligations in the class action, the results of which will likely exceed one million documents. However, Watts fails to explain how simultaneously engaging in discovery related to the Germanns' requests will overly burden it. Instead, Watts emphasizes that "[c]omparing the *Klug* discovery to the *Germann* discovery demonstrates that the *Germann* requests include the information sought in *Klug*." (Doc. 24, p. 6). If the discovery requests are duplicative, then Watts will expend only minimal additional effort to provide the Germanns with copies of

---

[1] We further note that the outcome of a determinative case in our Court of Appeals is a more compelling justification to warrant granting a Motion to Stay than a mere determination regarding class certification in a non-binding district court.

the materials they are already collecting for the *Klug* plaintiffs.

By contrast, if the Germanns' suit is delayed indefinitely while awaiting class certification in the *Klug* matter, the Germanns will suffer additional hardship. The Germanns emphasize that they have already engaged in settlement discussions with Watts and the other Defendants, which are scheduled to begin again after written discovery concludes. Continual and indefinite delay of the settlement discussions will further obfuscate the conclusion of their case and cause the Germanns additional stress as it continues.

However, if Watts' request for only a six month stay is granted, it is true that the Germanns will suffer comparatively less hardship. Watts suggests that its discovery process in relation to the Germanns will be more orderly and efficient in the event that they are granted a stay. We agree with the essential arguments interposed by both parties in relation to the hardship inflicted by a six month stay, in that both parties would suffer a hardship that is comparatively light. Any injury to either party is thus minimal, and this factor does not weigh overmuch in either direction in relation to the ongoing analysis.

## C.     Judicial Economy

Defendants maintain that granting a stay will streamline proceedings, enhance efficiency through simplification of the issues before the Court, and save

litigant costs.  However, we stress that the two cases are not sufficiently similar to warrant arguments of the nature that Watts submits.  Though Watts is correct to argue that the same product, same alleged defect, and identical claimed damages are at issue in both suits, as we noted above, the *Klug* litigation against Watts also encompasses a substantially greater scope than the more narrow focus of the Germanns' claims.

Further, to wait until the class certification issue is determined in *Klug* is to await a resolution that does not bear on the substantive outcome of the Germann's case at all,[2] let alone in such a beneficial capacity as Watts proposes. The Germanns stress that they do not plan to opt into the certified class, if indeed one materializes, unless directed to do so by this Court, due to the varied nature of the two suits.  The *Klug* suit asserts twelve claims against Watts, while the Germann's Complaint lists only three.  Further, the *Klug* suit asserts claims only against Watts, while the instant case involves allegations against Watts, Lowes, and Domestic.  Due to a lack of discovery, it is only possible and by no means

---

[2] The fact that the outcome of the class certification determination would not unduly influence the outcome of the Germanns' suit is another distinction between our analysis of the instant Motion and the facts of *Vasvari*.  In *Vasvari*, the Third Circuit ruling in *Parker* could have led to a disposition of the action in the defendants' favor.

certain that the Germann's claims arose due to a defect in Watts' product.[3]  To

relinquish those claims and cause the Germanns' to opt into the certified class

(again, we stress that no such class currently exists) would be to unfairly prejudice

their interests.  Further, the Defendants have also asserted crossclaims, which

would also be lost should the Germanns' suit be consolidated with *Klug*.  Thus, to

conclude that *Klug* and the instant case are similar enough to warrant a stay

pending the outcome of an issue in *Klug* is a leap that this Court is not prepared to

make at this juncture of the proceedings.[4]

## III.    CONCLUSION

For the reasons articulated above, we will deny the Motion (Doc. 23).  We

assure the parties that we have reached this decision with careful balancing of the

rights and interests of each respective party.  Should circumstances of the *Klug*

proceeding change, or should further discovery reveal that the case *sub judice* and

the *Klug* suit have further converged on relevant issues, we reserve the right to

revisit today's ruling.

---

[3]  Indeed, Watts stresses that "Watts has disputed any and all liability at every opportunity in this litigation," further lending support to the merits of the Germanns' suit against multiple Defendants.  (Doc. 26, p. 5).

[4]  We acknowledge the Supplemental Authority filed by Watts on December 9, 2015 (Doc. 27).  However, without further information regarding the rationale behind the Lauderdale County, Alabama Circuit Court's decision to grant Watts' Motion to Stay, we cannot find Watts' filing in any way persuasive in regards to the determination we reach here today.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      Defendant's Motion to Stay pending class certification of actions in

which Plaintiffs are members of a putative class (Doc. 23) is

**DENIED**.


 s/ John E. Jones III

John E. Jones III
United States District Judge